## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

ANTHONY CROTHERS,                       Case No.: 3:23-cv-147
an individual,

        Plaintiff,

v.

Blum Health PLLC, a Florida limited liability
company, and NATHALIE BLUM, an individual,

        Defendants.

_____/

## COMPLAINT

Plaintiff, Dr. Anthony Crothers (hereinafter, "Dr. Crothers"), an individual, by and through his undersigned counsel, hereby files this Complaint against Defendants, Blum Health PLLC ("Blum Health"), a Florida limited liability company, and Nathalie Blum ("Blum") (wherein Blum and Blum Health are collectively referred to herein as "Defendants"), an individual, and, in so doing, states as follows:

### JURISDICTION, VENUE AND THE PARTIES

1.    This is an action which is, *in part*, brought pursuant to the Trademark Laws of the United States and 15 U.S.C. §§ 1114, 1125.

2.    This Court has original jurisdiction pursuant to Title 28, United States Code, Sections 1331 and 1338, as this case involves a federal question arising under the Constitution, laws, or treaties of the United States, and pursuant to Title 28,

United States Code, Section 1367 for all related claims not falling under 28 U.S.C. § 1331.

3.     Plaintiff, Dr. Anthony Crothers, is an individual and resident of Broward County, Florida, and is otherwise *sui juris*.

4.     At all times material hereto, Blum Health PLLC was a Florida limited liability company with its principal place of business located at 6640 103rd St., Jacksonville, Florida 32210 and was engaged in the conduct of interstate commerce, and regularly conducts business in this judicial district, and is otherwise *sui juris*. **Exhibit A** (corporate records for Blum Health PLLC).

5.     At all times material hereto, Blum was the sole or principal owner, founder, CEO, operator in charge of day-to-day operations, and member of Blum Health, and is also, upon information and belief, a resident within this judicial district, and is otherwise *sui juris*. **Exhibit A**.

6.     Blum is also the holder and owner of multiple fictitious names for CHIROPRACTIC INJURY SOLUTIONS. **Exhibit B** (true and correct copies of fictitious name filings).

7.     Defendants market, advertise, offer, and render chiropractic services in this judicial district and, more specifically, in Jacksonville, Florida. *See* **Exhibit B** and www.chiropractorjax.com ("the Blum Health Website").

8.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendants reside in this judicial district and have engaged in acts of infringement within this judicial district, wherein said acts form a substantial part of the events giving rise to the claims asserted herein.

## GENERAL ALLEGATIONS

9.     Dr. Crothers (also affectionately known as "Doc Tony") is a practicing chiropractor who owns and operates three chiropractic clinics in the Jacksonville, Florida area. *See* **Exhibit C** (screen capture from Dr. Crothers' www.doctony.com website).

10.    Since approximately May of 2011, Dr. Crothers has been offering his chiropractic services under or in connection with the trademark DOC TONY ("the Registered Mark").

11.    The Registered Mark is embodied in U.S. Trademark Reg. No. 6,079,316 ("the '316 Registration") on the Principal Register in connection with "Chiropractic Services; Chiropractic services for individuals suffering from injuries or exacerbation of previous conditions; Chiropractics; Physical therapy evaluation, identification, and management of movement dysfunction to restore, maintain, and promote optimal physical function preventing the onset, symptoms and progression of impairments, functional limitations, and disabilities resulting from disease, disorders, conditions, or injuries; Providing information relating to chiropractics" in

International Class 044 ("the Registered Services") and having a registration date of June 16, 2020. **Exhibit D** (federal trademark registration certificate).

12.     The Registered Mark enjoys a priority-of-use date of May 2011 and remains valid and subsisting as of the undersigned date.

13.     Since as early as 2011, Dr. Crothers has marketed, advertised, offered, and rendered the Registered Services in Florida and throughout the United States under the Registered Mark.

14.     Specifically, Dr. Crothers markets the Registered Services online and in digital media, social media, and printed marketing materials.

15.     Dr. Crothers has invested extensive capital, effort, time, and resources in building the brand, reputation, and consumer goodwill of his business and the Registered Mark.

16.     Based upon the continuous and substantially exclusive use of the Registered Mark in commerce, and as a consequence of Dr. Crothers' extensive advertising, promotion and sale of the Registered Services, the Registered Mark has become strong and is distinctive of the Registered Services in the minds of the consuming public.

17.     The public recognizes the Registered Mark as representing the quality and value of the Registered Services, identifying the Registered Services as

emanating from a single source, and distinguishing the Registered Services from other services marketed and provided by other sources.

18.     Dr. Crothers has developed and acquired a valuable reputation in the minds of the consuming public in connection with his services advertised under the Registered Mark and has enjoyed the goodwill associated therewith.

19.     Defendants are direct competitors of Dr. Crothers', providing competing and identical healthcare services, i.e., chiropractic services, in the same geographic region, i.e., the Jacksonville, Florida area.

20.     In or around January of 2023, Dr. Crothers became aware of Defendants' use of the Registered Mark as a Google Adword and in digital advertisements in a concerted and pointed effort to: (a) detract from Dr. Crothers' goodwill and reputation, and (b) cause prospective and/or actual patients of Dr. Crothers or those seeking chiropractic services to visit the Blum Health Website and ultimately retain Defendants as their chiropractor.

21.     Specifically, when searching the Registered Mark on Google, the following results and advertisements appear (hereinafter referred to as "Infringing Materials"—a true and correct capture is reproduced below and attached hereto as **Exhibit E**):



22.    The Infringing Materials detract from the goodwill of the Registered Mark and irreparably harm Dr. Crothers' brand and reputation due to Defendants' inferior services, particularly in the medial industry where an individual's life and health are at risk.

23.    Defendants' use and display of the Infringing Materials also causes prospective and/or actual consumers of Dr. Crothers' or consumers seeking chiropractic services to visit the Blum Health Website and ultimately retain Defendants, thereby causing Dr. Crothers actual damages.

24.     The Infringing Materials utilize, market, and display the Registered Mark in the visible title of the advertisements and as Google Adwords, thereby treading on the goodwill and reputation of Dr. Crothers.

25.     Upon information and belief, Blum is the controlling, supervising, ratifying, and/or motivating force behind Blum Heath and behind the selection and use of the Registered Mark as a Google Adword and within the Infringing Materials.

26.     Upon information and belief, Blum is the ultimate decision maker for Blum Health and supervised or condoned use of the selection and use of the Registered Mark as a Google Adword and in the Infringing Materials.

27.     Upon information and belief, Defendants' use of the Registered Mark was intentional, deliberate, done in bad faith, and/or in a malicious manner to the detriment of Dr. Crothers and to cause consumer confusion in the marketplace.

28.     Blum and/or Blum Health also own, operate, and control the Blum Health Website, which actively advertises, markets, and/or sells its competing and identical chiropractic services to consumers throughout Florida and the United States.

29.     Defendants were aware or should have been aware that the trade and purchasing public recognize and rely upon the Registered Mark to identify the Registered Services and to distinguish the Registered Services from those of Dr. Crothers' competitors.

30.     Defendants were aware or should have been aware that their use of the Registered Mark would likely confuse, mislead and otherwise deceive consumers into believing that Defendants' services originate from or are licensed, sponsored, approved or authorized by Dr. Crothers.

31.     Defendants' acts have likely caused confusion among the consuming public and consumers as to the source, approval, sponsorship or affiliation of Defendants' offered services with the goods and services of Dr. Crothers.

32.     Defendants' use of the Registered Mark was done without Dr. Crothers' permission, consent or authorization.

33.     By the aforementioned acts, Defendants have taken advantage of and sought to trade upon the reputation and goodwill developed by Dr. Crothers in connection with the Registered Mark.

34.     Defendants' acts will likely induce customers to seek out Defendants' chiropractic services under the mistaken belief that they are seeking the chiropractic services of Dr. Crothers.

35.     The aforementioned confusion is particularly problematic as Dr. Crothers has patients and markets/advertises in the same geographic region (including within this judicial district), and through the same channels of trade, as Defendants.

36.     As a result of Defendants' conduct, Dr. Crothers has suffered and, unless enjoined by this Court, will continue to suffer irreparable damage to his business, reputation and goodwill.

37.     On or around January 18, 2023, undersigned counsel remitted a cease-and-desist correspondence to Defendants, placing Defendants on actual notice of their unlawful and infringing conduct and demanding that they immediately cease and desist the same. A true and correct copy of the cease-and-desist letter is attached hereto as **Exhibit F**.

38.     However, despite Defendants' knowledge of Dr. Crothers' superior rights in the Registered Mark, Defendants have not ceased their infringing activities.

39.     All conditions precedent to bringing this action have occurred, been performed, or been excused.

40.     As a direct result of the actions of Defendants, Dr. Crothers has retained the undersigned counsel and is obligated to pay counsel all attorneys' fees and costs associated with the investigation, preparation and prosecution of the instant lawsuit.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
### (AGAINST BLUM AND BLUM HEALTH)

41.     Dr. Crothers realleges and reavers paragraphs 1 through 40 as if fully set forth herein.

42.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

43.     The "DOC TONY" standard character mark is federally registered on the Principal Register.

44.     The '316 Registration enjoys a statutory presumption of validity, ownership of the mark, and of Dr. Crothers' exclusive right to use the Registered Mark in connection with the Registered Services.

45.     The Defendants' unauthorized use of the Registered Mark on or in connection with the advertising and sale of identical and similar chiropractic services in the same geographic region as Dr. Crothers is likely to confuse consumers into mistakenly believing that the Defendants are somehow affiliated with, associated with, or sponsored by Dr. Crothers.

46.     Said differently, Defendants' unauthorized use of the Registered Mark is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendants' products and services emanate or originate from Dr. Crothers when they do not; or that Dr. Crothers has authorized, sponsored, approved or otherwise associated himself with the Defendants or their services bearing the Registered Mark, which he has not.

47.    Defendants' unauthorized use of the Registered Mark has resulted in the Defendants unfairly and illegally benefitting from Dr. Crothers' reputation and consumer goodwill.

48.    Defendants engaged in the aforementioned conduct willfully and with full knowledge and awareness of Dr. Crothers' prior and continuing trademark rights, and with the purpose and intent of trading off the goodwill of Dr. Crothers' Registered Mark and confusing the relevant consuming public into mistakenly believing that Defendants are the source of Dr. Crothers' "DOC TONY" brand of chiropractic services or that Defendants' chiropractic services are otherwise sponsored by, authorized by, or associated with Dr. Crothers.

49.    This conduct has caused substantial and irreparable injury to Dr. Crothers, the Registered Mark, and the substantial goodwill represented thereby.

50.    Accordingly, Defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

51.    Dr. Crothers has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, Dr. Anthony Crothers, by and through the undersigned, hereby respectfully demands judgment against Defendants, Blum Health PLLC and Nathalie Blum, said judgment which should include provisions:

a) enjoining the Defendants and all of those acting in concert with them, including, but not limited to, their agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of trademark infringement pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the mark, DOC TONY, or any similar trademark, trade name, logo, corporate name, service mark in connection with the sale, marketing, or advertising of chiropractic services;

b) awarding to Dr. Crothers damages sustained by reason of Defendants' trademark infringement adequate to compensate Dr. Crothers, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

c) awarding to Dr. Crothers exemplary damages for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

d) awarding to Dr. Crothers his reasonable attorneys' fees for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the mark, DOC TONY, or any marks confusingly similar to the DOC TONY mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to Dr. Crothers;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Dr. Crothers;

h) awarding remuneration of Dr. Crothers' costs and expenses for Dr. Crothers to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT II - TRADEMARK COUNTERFEITING
### (AGAINST BLUM AND BLUM HEALTH)

52.     Dr. Crothers realleges and revers paragraphs 1 through 40 as if fully set forth herein.

53.     The spurious mark used by Defendants, "DOC TONY", in Defendants' digital advertisements and adwords, is identical and substantially indistinguishable from Dr. Crothers' Registered Mark which is registered on the Principal Register of the United States Patent and Trademark Office, U.S. Trademark Registration No. 6,079,316. *See* **Exhibit D**.

54.     Defendants affixed the Registered Mark without Dr. Crothers' permission or consent.

55.     Defendants used the Registered Mark in the sale, offering for sale, distribution, or advertising of services that are covered by Dr. Crothers' trademark registration, specifically, chiropractic services.

56.     Defendants knew that the Registered Mark was registered by Dr. Crothers and, at the very least, knew that their use of the Registered Mark was the same or substantially indistinguishable from the Registered Mark.

57.     Defendants knowingly and purposefully capitalized on and appropriated for themselves the goodwill, reputation, and customer base of Dr. Crothers, as demonstrated by Defendants' repeated pattern of diverting Dr. Crothers' customers away from Dr. Crothers' website.

58.     As a direct result of Defendants' actions, Defendants received a benefit, in the form of sales and customers, to which they were not entitled.

59.     Unless restrained and enjoined by this Court, Defendants will continue in their activities, thereby causing Dr. Crothers continued irreparable harm.

60.     Dr. Crothers has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, Dr. Anthony Crothers, by and through the undersigned, hereby respectfully demands judgment against Defendants, Blum Health PLLC and Nathalie Blum, said judgment which should include provisions:

j)  enjoining the Defendants and all of those acting in concert with them, including, but not limited to, their agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of trademark counterfeiting pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the mark, DOC TONY, or any similar trademark, trade name, logo, corporate name, service mark in connection with the sale, marketing, or advertising of chiropractic services;

k)  awarding to Dr. Crothers damages sustained by reason of Defendants' trademark counterfeiting adequate to compensate Dr. Crothers, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

l)  awarding to Dr. Crothers exemplary damages for Defendants' willful and malicious trademark counterfeiting pursuant to 15 U.S.C. § 1117;

m) awarding to Dr. Crothers its reasonable attorneys' fees for Defendants' willful and malicious trademark counterfeiting pursuant to 15 U.S.C. § 1117;

n)  finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the mark,

DOC TONY, or any marks confusingly similar to the DOC TONY mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

o) declaring this case exceptional and trebling all damages awarded to Dr. Crothers;

p) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Dr. Crothers

q) awarding remuneration of Dr. Crothers' costs and expenses for Dr. Crothers to investigate, prepare and prosecute this action; and/or

r) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT III – FEDERAL UNFAIR COMPETITION
### (AGAINST BLUM AND BLUM HEALTH)

61. Dr. Crothers realleges and revers paragraphs 1 through 40 as if fully set forth herein.

62. The Registered Mark is entitled to protection under Section 43(a) of the Lanham Act.

63. Defendants' advertisement, marketing, and provision of chiropractic services in connection with the mark, DOC TONY, is likely to cause confusion and to cause mistake or to deceive as to the affiliation, connection or association of Defendants with Dr. Crothers or as to the sponsorship or approval of Defendants' chiropractic services by Dr. Crothers.

64. Defendants' acts were without Dr. Crothers' permission, consent, or authorization.

65.    Defendants' acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

66.    Defendants' conduct has and continues to cause irreparable injury to Dr. Crothers and to his business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Dr. Crothers for which there is no adequate remedy of law.

67.    Defendants knew or had reason to know of Dr. Crothers' longstanding and widely recognized use of his "DOC TONY" Mark, and nevertheless intentionally adopted the "DOC TONY" Mark as described above, which is identical to the "DOC TONY" mark owned by Dr. Crothers and embodied in the '316 Registration.

68.    Given that Defendants' actions were willful, deliberate, and/or fraudulent, Dr. Crothers is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

69.    Dr. Crothers has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, Dr. Anthony Crothers by and through the undersigned, hereby respectfully demands judgment against Defendants, Blum Health PLLC and Nathalie Blum, said judgment which should include provisions:

a) permanently enjoining the Defendants and all of those acting in concert with them, including, but not limited to, their agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of unfair competition pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the mark, DOC TONY, or any similar trademark, trade name, logo, corporate name, service mark in connection with the sale, marketing, or advertising of chiropractic services;

b) awarding to Dr. Crothers damages sustained by reason of Defendants' willful and malicious unfair competition pursuant to 15 U.S.C. § 1117;

c) awarding to Dr. Crothers exemplary damages for Defendants' willful and malicious unfair competition pursuant to 15 U.S.C. § 1117;

d) awarding to Dr. Crothers his reasonable attorneys' fees for Defendants' willful and malicious unfair competition pursuant to 15 U.S.C. § 1117;

e) finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the mark, DOC TONY, or any marks confusingly similar to the DOC TONY mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to Dr. Crothers;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Dr. Crothers;

h) awarding remuneration of Dr. Crothers' costs and expenses for Dr. Crothers to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT IV – FALSE DESIGNATION OF ORIGIN
### (AGAINST BLUM AND BLUM HEALTH)

70.    Dr. Crothers realleges and revers paragraphs 1 through 40 as if fully set forth herein.

71.     Defendants' advertisement, marketing, and provision of chiropractic services in connection with the mark, DOC TONY, falsely designates and misrepresents the origin of said services and is likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection or association of Defendants with Dr. Crothers or as to the sponsorship or approval of Defendants' chiropractic services by Dr. Crothers.

72.     Defendants' acts are without Dr. Crothers' permission, consent, or authorization.

73.     Defendants' acts constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

74.     Defendants' conduct has and continues to cause irreparable injury to Dr. Crothers and to his business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Dr. Crothers for which there is no adequate remedy of law.

75.     Dr. Crothers has also suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

76.     Defendants knew or had reason to know of Dr. Crothers' longstanding and widely recognized use of his DOC TONY mark, and nevertheless intentionally

adopted the mark, DOC TONY, as described above, which is identical to the Registered Mark.

77.     Given that Defendants' actions were willful, deliberate, and fraudulent, Dr. Crothers is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

78.     Dr. Crothers has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Plaintiff, Dr. Anthony Crothers by and through the undersigned, hereby respectfully demands judgment against Defendants, Blum Health PLLC and Nathalie Blum, said judgment which should include provisions:

a)  enjoining the Defendants and all of those acting in concert with them, including, but not limited to, their agents, affiliates, subsidiaries, officers, directors, attorneys and employees from further acts of false designation of origin pursuant to 15 U.S.C. § 1116, including the cessation of use with respect to the mark, DOC TONY, or any similar trademark, trade name, logo, corporate name, service mark in connection with the sale, marketing, or advertising of chiropractic services;

b)  awarding to Dr. Crothers damages sustained by reason of Defendants' willful and malicious false designation of origin pursuant to 15 U.S.C. § 1117;

c)  awarding to Dr. Crothers exemplary damages for Defendants' willful and malicious false designation of origin pursuant to 15 U.S.C. § 1117;

d)  awarding to Dr. Crothers his reasonable attorneys' fees for Defendants' willful and malicious false designation of origin pursuant to 15 U.S.C. § 1117;

e)  finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, bearing the mark,

DOC TONY, or any marks confusingly similar to the DOC TONY mark be delivered up for destruction pursuant to 15 U.S.C. § 1118;

f) declaring this case exceptional and trebling all damages awarded to Dr. Crothers;

g) imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Dr. Crothers;

h) awarding remuneration of Dr. Crothers' costs and expenses for Dr. Crothers to investigate, prepare and prosecute this action; and/or

i) for such further and additional relief this Court deems just and proper under the circumstances.

## COUNT V – FLORIDA TRADEMARK INFRINGEMENT UNDER FLA. STAT. § 495.131
### (AGAINST BLUM AND BLUM HEALTH)

79.   Dr. Crothers realleges and revers paragraphs 1 through 40 as if fully set forth herein.

80.   Plaintiff's DOC TONY Mark is a federally registered and distinctive mark which serves as an exclusive source indicator for Dr. Crothers' high quality chiropractic services.

81.   Blum and Blum Health are not licensees or otherwise authorized to use Dr. Crothers' Registered Mark and have no right to hold themselves out as the source of Dr. Crothers' brand of chiropractic services through the unauthorized use of such mark.

82.   Defendants' unauthorized use of Plaintiff's Registered Mark in commerce in connection with the promotion and sale of chiropractic services is

likely to cause confusion, mistake, or deception; cause the public to believe the Defendants' products and services emanate or originate from Dr. Crothers when they do not; or that Dr. Crothers has authorized, sponsored, approved or otherwise associated itself with the Defendants or their services bearing the Registered Mark, which he has not.

83.     Defendants are engaging in the aforementioned conduct willfully and with full knowledge and awareness of Dr. Crothers' prior and continuing trademark rights, and with the purpose and intent of trading off the goodwill of Dr. Crothers' Registered Mark and confusing the relevant consuming public into mistakenly believing that Defendants are the source of the "DOC TONY" Mark brand of chiropractic services or that the Defendants' chiropractic services have been authorized, sponsored, approved or associated with Dr. Crothers.

84.     Defendants' actions constitute trademark infringement in violation of Fla. Stat. § 495.131 and have caused Dr. Crothers injury, including and not limited to irreparable injury to the goodwill associated with the Registered Mark.

WHEREFORE, Plaintiff, Dr. Anthony Crothers, by and through the undersigned, hereby respectfully demands judgment against Defendants, Blum Health PLLC and Nathalie Blum, said judgment should include provisions:

    a) Issue preliminary and permanent injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all other in active concert or

participation with Defendants, be (individually or collectively) preliminary and permanently enjoined and restrained from making any further infringing use of Dr. Crothers' DOC TONY Mark;

b) That the Court order Defendants to Dr. Crothers' damages and disgorge Defendants' profits;

c) That the Court order Defendants to pay Dr. Crothers exemplary damages pursuant to Fla. Stat. § 495.141;

d) Declaring this case exceptional and trebling all damages awarded to Dr. Crothers;

e) Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Dr. Crothers;

f) Awarding remuneration of Dr. Crothers' cost and expenses for Dr. Crothers to investigate, prepare and prosecute this action; and/or

g) For such further and additional relief this Court deems just and proper under the circumstances.

## COUNT VI– FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (AGAINST BLUM AND BLUM HEALTH)

85.    Dr. Crothers realleges and revers paragraphs 1 through 40 as if fully set forth herein.

86.    Defendants' acts, as described above, were performed by the Defendants in the course of trade or commerce and, more specifically, in the marketing, offering, and rendering of chiropractic services in Florida and throughout the United States.

87.    Defendants' acts, as described above, constitute unfair methods of competition, unconscionable acts or practices, and/or unfair or deceptive acts or practices.

88.    Defendants' acts, as described above, are likely to deceive consumers into believing that the Defendants are affiliated with Dr. Crothers and the Registered Mark, and/or that Dr. Crothers authorizes, sponsors, approves or associates himself with the Defendants' chiropractic services and/or business practices.

89.    Defendants' acts of unfair competition have resulted in, and will continue to cause, substantial and irreparable harm for which Dr. Crothers has no adequate remedy at law. Therefore, Dr. Crothers is entitled to injunctive relief.

WHEREFORE, Plaintiff, Dr. Crothers, by and through the undersigned, hereby respectfully demands judgment against Defendants, Blum Health PLLC and Nathalie Blum, said judgment should include provisions:

a) Issue preliminary and permanent injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all other in active concert or participation with Defendants, be (individually or collectively) preliminary and permanently enjoined and restrained from making any further infringing use of Dr. Crothers' DOC TONY Mark;

b) That the Court order Defendants to Dr. Crothers' damages and disgorge Defendants' profits;

c) Declaring this case exceptional and trebling all damages awarded to Dr. Crothers;

d) Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Dr. Crothers;

e) Awarding to Dr. Crothers actual damages, plus attorneys' fees and costs pursuant to Fla. Stat. § 501.2105 and § 501.211.

f) Awarding remuneration of Dr. Crothers' cost and expenses for Dr. Crothers to investigate, prepare and prosecute this action; and/or

g) For such further and additional relief this Court deems just and proper under the circumstances.

## COUNT VII– UNAUTHORIZED USE OF NAME OR LIKENESS UNDER FLA. STAT. § 540.08
### (AGAINST BLUM AND BLUM HEALTH)

90.     Dr. Crothers realleges and revers paragraphs 1 through 40 as if fully set forth herein.

91.     Dr. Crothers name, likeness, persona and identity have significant commercial and personal value.

92.     Fla. Stat. § 540.08 provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, image, or other likeness of any natural person without the express written or oral consent to such use."

93.     In clear violation of the statute, the Defendants published Dr. Crothers' image, likeness and/or identity in their online advertising and marketing, specifically, in their Google Adwords and in the content of the advertisement itself to promote, advertise and market Defendants' chiropractic services.

94.     Specifically, Dr. Crothers is also known and referred to as "Doc Tony."

95. A member of the general public, therefore, would readily ascertain that Defendants' unauthorized use of the Registered Mark features, references, and identifies Dr. Crothers.

96. At all times relevant to this action, Dr. Crothers was and is the exclusive owner of all rights, title and interest to his image, likeness and/or identity which was unlawfully converted by the Defendants for the benefit of the Defendants.

97. Defendants never sought permission or consent to use Dr. Crothers' image, likeness and/or identity to advertise, promote, market, or endorse their business or any of the Defendants' services.

98. Dr. Crothers has never consented to, permitted, assigned, licensed, or otherwise agreed to Defendants' use of his image, likeness, and/or identity to advertise, promote, market, or endorse Defendants' business or any of Defendants' services.

99. Defendants' violation, misappropriation and use of Dr. Crothers' name and likeness conferred an unfair commercial benefit and advantage upon Defendants.

100. Defendants intentionally, or at the very least, recklessly published, displayed, advertised, or otherwise publicly disseminated or used Dr. Crothers' image, likeness, and/or identity without Dr. Crothers' express written or oral

consent, for purposes of trade or for other commercial or advertising purposed as detailed above.

101.   Defendants had actual or constructive knowledge or consciously disregarded the wrongfulness of their conduct and further deprived Dr. Crothers of his own property interest.

102.   At the very least, Defendants' conduct was so reckless or wanton in care that their actions constitute a conscious disregard of or indifference to Dr. Crothers' rights.

103.   Defendants also acted negligently towards Dr. Crothers in using, disseminating and advertising without authority, Dr. Crothers' image, likeness, and/or identity in their online advertising and marketing, specifically in their Google Adwords and in the advertisement itself to promote, advertise, and market Defendants' chiropractic clinic and services.

104.   Defendants have damaged Dr. Crothers as a direct and proximate result of their unauthorized use of Dr. Crothers' image, likeness, and/or identity without compensating Dr. Crothers. Defendants took advantage of Dr. Crothers' name, image and recognition in the community in conscious disregard of Dr. Crothers' rights.

WHEREFORE, Dr. Anthony Crothers respectfully requests that this Court issue a judgment against Defendants for all remedies available under Fla. Stat. §

540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendants' unlawful proceeds, including Defendants' profits and other relief deemed just and proper by this Court.

## COUNT VIII– COMMON LAW MISAPPROPRIATION OF NAME OR LIKENESS
### (AGAINST BLUM AND BLUM HEALTH)

105.   Dr. Crothers realleges and revers paragraphs 1 through 40 as if fully set forth herein.

106.   Dr. Crothers name, likeness, persona and identity have significant commercial and personal value.

107.   Specifically, Dr. Crothers is also known and referred to as "Doc Tony."

108.   Defendants may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, image, or other likeness of Dr. Crothers without his express written or oral consent to such use.

109.   At all times relevant to this action, Dr. Crothers was and is the exclusive owner of all rights, title, interest to his image, likeness, and/or identity unlawfully converted by Defendants for Defendants' benefit.

110.   Defendants published, printed, advertised, displayed, and/or publicly used Dr. Crothers' image, likeness, and/or identity in their online advertising and marketing, specifically, in their Google Adwords and in the advertisement itself, for

purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing of Defendants clinic and Defendants' service.

111.   A member of the general public, therefore, would readily ascertain that Defendants' unauthorized use of the Registered Mark features, references, and identifies Dr. Crothers.

112.   Defendants committed these actions without Dr. Crothers' permission, consent, or authority. In fact, Defendants never sought permission nor authority to use Dr. Crothers' image, likeness, and/or identity to advertise, promote, market or endorse Defendants' business or any of Defendants' services.

113.   Dr. Crothers has never consented to, permitted, assigned, licensed or otherwise agreed to Defendants' use of his image, likeness and/or identity to advertise, promote, market, or endorse Defendants' business or any of Defendants' services.

114.   Defendants' violation, misappropriation and use of Dr. Crothers' name and likeness conferred an unfair commercial benefit and advantage upon Defendants.

115.   Defendants intentionally, or at the very least, recklessly published, displayed, advertised, or otherwise publicly disseminated or used Dr. Crothers' image, likeness, and/or identity without Dr. Crothers' express written or oral

consent, for purposes of trade or for other commercial or advertising purposed as detailed above.

116.   Defendants had actual or constructive knowledge or consciously disregarded the wrongfulness of its conduct and further deprived Dr. Crothers of his own property interest.

117.   At the very least, Defendants' conduct was so reckless or wanton in care that their actions constitute a conscious disregard of or indifference to Dr. Crothers' rights.

118.   Defendants also acted negligently towards Dr. Crothers in using, disseminating and advertising without authority, Dr. Crothers' image, likeness, and/or identity in their online advertising and marketing, specifically in their Google Adwords and in the advertisement itself to promote, advertise, and market Defendants' chiropractic clinic and services.

119.   Defendants have damaged Dr. Crothers as a direct and proximate result of their unauthorized use of Dr. Crothers' image, likeness, and/or identity without compensating Dr. Crothers.

WHEREFORE, Dr. Anthony Crothers respectfully requests that this Court issue a judgment against Defendants for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest and

restitution of Defendants' unlawful proceeds, including Defendants' profits and other relief deemed just and proper by this Court.

## COUNT IX– CONVERSION
### (AGAINST BLUM AND BLUM HEALTH)

120.   Dr. Crothers realleges and revers paragraphs 1 through 40 as if fully set forth herein.

121.   Dr. Crothers is, and at all relevant times was, the exclusive owner of all rights, title, and interest to his image, likeness, and/or identity, along with the Registered Mark and all consumer goodwill therein, which Defendants unlawfully converted for Defendants' business benefit.

122.   Defendants have converted Dr. Crothers' property rights, including without limitation, Dr. Crothers' image, likeness, and/or identity, along with the Registered Mark and all consumer goodwill therein, for Defendants' use and wrongful disposition for financial gain.

123.   Defendants have refused to pay for the deprivation of Dr. Crothers' intellectual property rights.

124.   Defendants have converted and misappropriated the goodwill of Dr. Crothers' business and Registered Mark.

125.   As a result, Dr. Crothers has suffered compensatory and exemplary damages to be determined at trial.

126.    Upon information and belief, Defendants acted with oppression and/or malice and with a conscious disregard of Dr. Crothers' rights.

WHEREFORE, Dr. Anthony Crothers respectfully requests this Court issue a judgment against the Defendants and for all remedies available under the common claim for conversion, including but not limited to actual damages, costs, interest, and restitution of Defendants' unlawful proceeds, including Defendants' profits and/or any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Dr. Anthony Crothers hereby demands trial by jury of all issues so triable as a matter of law.

Dated: February 8, 2023                    Respectfully submitted,

/s/ Mark C. Johnson
Mark C. Johnson (FBN: 84365)
Email: MJ@JohnsonDalal.com
**JOHNSON | DALAL**
*Attorneys for Plaintiff*
111 N. Pine Island Road
Suite 105
Plantation, Florida 33324
Telephone: (954) 507-4500
Facsimile: (954) 507-4502